NUMBER 13-02-008-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

___________________________________________________________________


JERRY ALLEN FLOYD , Appellant,



v.




THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 24th District Court

of Calhoun County, Texas.

__________________________________________________________________



MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Castillo

Opinion by Justice Rodriguez



 Appellant, Jerry Allen Floyd, brings this appeal following his conviction of aggravated sexual assault. By one issue, Floyd
contends the trial court erred in admitting his blood sample into evidence. He argues the search warrant issued to seize the
blood sample was not supported by sufficient evidence to show probable cause for the search, in violation of his rights
under the Fourth Amendment of the United States Constitution and Article I, Section 9 of the Texas Constitution. We
affirm.

 As this is a memorandum opinion not designated for publication and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.4.

 Taking a blood sample from a suspect is a search and seizure under both federal and state law. See Schmerber v.
California, 384 U.S. 757, 764 (1966); Escamilla v. State, 556 S.W.2d 796, 798 (Tex. Crim. App. 1977). Absent consent,
taking a blood sample from a defendant in custody requires a valid warrant. See Smith v. State, 557 S.W.2d 299, 301-02
(Tex. Crim. App. 1977); Davis v. State, 831 S.W.2d 426, 440 (Tex. App.-Austin 1992, pet. ref'd). In this instance, the trial
court found that Floyd consented to provide a sample of his blood. Further, the trial court found that Floyd did not
withdraw his consent before he gave the blood sample. Finally, Floyd did not challenge the court's finding of consent at
trial, and he does not do so on appeal. "Appellate courts should show almost total deference to a trial court's findings of
fact." Rankin v. State, 974 S.W.2d 707, 717 (Tex. Crim. App. 1996). When the State has secured voluntary consent to a
search, the search violates neither the United States or Texas Constitutions, nor the laws of this State. See United States v.
Matlock, 415 U.S. 164, 165-66 (1974); Brimage v. State, 918 S.W.2d 466, 480 (Tex. Crim. App. 1994). Floyd gave his
consent before giving his blood sample, therefore, a warrant was not necessary. See Smith, 557 S.W.2d at 301-02; Davis,
831 S.W.2d at 440. We hold that the taking of Floyd's blood sample did not violate his rights. See Matlock, 415 U.S. at
165-66; Brimage, 918 S.W.2d at 480. Floyd's sole issue is overruled. 

 Accordingly, we affirm the judgment of the trial court.

 

NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 17th day of July, 2003.